# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Case No. 1:18CR00004-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| ALFREDO CERVANTES, | ) | By: James P. Jones |
| | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

*Janine M. Myatt, Special Assistant United States Attorney, Abingdon, Virginia, for United States; Richard D. Kennedy, Kennedy Law Office PLLC, Wise, Virginia, and Jeremy O'Quinn, O'Quinn Law Office PLLC, Wise, Virginia, for Defendant.*

The defendant, a physician and psychiatrist, is charged with unlawfully distributing, dispensing, and causing to distribute and dispense, controlled substances without a legitimate medical purpose and beyond the bounds of medical practice, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(2). He is also charged with health care fraud and wire fraud, in violation of 18 U.S.C. §§ 1343 and 1347. It is alleged in the Indictment that the defendant unlawfully prescribed Schedule IV controlled substances to a patient with whom he had a sexual relationship. It is also alleged that the defendant supplied alcohol to the patient and encouraged her to drink alcohol.

In advance of trial, the defendant has filed a Motion in Limine, seeking to exclude or limit the testimony of a disclosed government expert witness, John H. Burton, M.D. In a report by Dr. Burton, disclosed by the government to the defendant, it is opined by the expert that the defendant acted "outside the lawful course of professional practice," with regard to the patient. Mot. in Limine Ex. A, Report, ECF No. 35-1. The defendant objects to the use of the word "lawful" in that opinion on the basis that it is impermissible for an expert to opine on applicable law.

As shown in Dr. Burton's report, his reference to "lawful" was to the provisions of a Virginia statute that sets forth the grounds under which the Board of Medicine may refuse to issue a medical license or suspend or revoke such a license. Va. Code Ann. § 54.1-2915 (Supp. 2017). In particular, he referenced the grounds included in that statute relating to sexual relationships with patients, conduct that causes or is likely to cause harm to a patient, and conducting the medical practice contrary to standards of ethics and in a manner as to be a danger to the health and welfare of a patient. *Id.* at § 54.1-2915(3), (12), (13), (19).

The expert also opined that the defendant's prescription of benzodiazepines for the patient was dosed at levels "moderate to high within the context of her psychiatric history" and that the concurrent use of alcohol and benzodiazepines by

the patient would produce a "high risk for excessive sedation and somnolence." Report 2, 3, ECF No. 35-1.

In order to convict a physician of unlawful prescription of controlled substances, the government must prove beyond a reasonable doubt that the doctor (1) knew that the drug was a controlled substance; (2) knowingly dispensed, distributed, or caused the dispensing or distributing of the controlled substance; and (3) acted without a legitimate medical purpose or beyond the bounds of medical practice. *United States v. Hurwitz*, 459 F.3d 463, 475 (4th Cir. 2006). While violation of professional standards of care alone may not be sufficient to convict, the jury may consider the extent to which, if at all, any violation of professional standards committed by the defendant interfered with his proper treatment of his patient and contributed to an excessive prescription of controlled substances. *See United States v. Alerre*, 430 F.3d 681, 690-91 (4th Cir. 2005). A physician's conduct may constitute a violation of professional rules as well as the criminal laws. Thus, the expert's reference to professional standards found in the Virginia statute is not impermissible. In its instructions to the jury, the court will explain the elements of the crimes charged in the Indictment and the proper consideration of any evidence of violation of professional standards. While Dr. Burton's reference to "lawful" or "unlawful" may be literally correct, since these standards appear in a "law," such reference may be confusing to the jury in the

context of this case, since this is not an action to revoke the defendant's medical license. Thus, he should not use those words at trial concerning the defendant's alleged violation of the professional standards set forth in section 54.1-2915.

The defendant also seeks to preclude expert testimony from Dr. Burton because he "has never interviewed or even met [the patient] or Dr. Cervantes or any other physician related to her care." Mot. in Limine 2, ECF No. 35. That is not a proper ground for exclusion of Dr. Burton's opinion testimony. In his report, he indicates that in arriving at his opinions, he has reviewed grand jury testimony, audits and logs of prescriptions for the patient by the defendant, the Virginia Board of Medicine record of investigation of the defendant, and clinical records relating to the patient. Obviously, the expert will be subject to cross examination concerning the data upon which his opinions rest, but at this point there is no basis shown to exclude his testimony on the ground asserted.

Accordingly, the Motion in Limine, ECF No. 35, is GRANTED in part and DENIED in part.

It is so **ORDERED**.

ENTER: August 2, 2018

/s/ James P. Jones
United States District Judge