# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:18CR00004 |
| v. | ) OPINION AND ORDER |
| ALFREDO CERVANTES, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Janine M. Myatt, Special Assistant United States Attorney, for United States; Richard D. Kennedy, Wise, Virginia, and Jeremy B. O'Quinn, Wise, Virginia, for Defendant.*

The defendant, Alfredo Cervantes, 61 years old, was sentenced by judgment of this court entered January 9, 2019, to seven months imprisonment, following his guilty pleas to heath care fraud and wire fraud. His sentence was within the advisory sentencing guideline range of four to ten months. At sentencing, his counsel urged the court not to impose a term of imprisonment, pointing out, among other things, that Cervantes suffered from "diabetes, hypertension, high cholesterol, asthma and neuropathy." Defense Sentencing Mem. 2, ECF No. 51. It was also asserted that he had recently suffered a "very mild heart attack" and had a "follow up appointment" on January 10. *Id.* at 2–3.

Cervantes was allowed by the court to self-report to the prison facility designed by the Bureau of Prisons. The day after his sentencing, on January 10, 2019, he had a heart catheterization procedure, which showed that he had severe coronary artery disease and a possible need for surgery. His counsel requested a delay in reporting, which was granted. Following coronary artery bypass surgery on March 4, 2019, the report date was again extended by the court to not earlier than July 5, 2019, to allow Cervantes to complete nine weeks of cardiac rehabilitation sessions. Additional rehabilitation was required, and a further extension was granted by the court to not earlier than October 5, 2019. Thereafter, Cervantes received a notice to report to the facility designed by the Bureau of Prisons. On motion of his counsel, I extended the date to report to not earlier than 30 days from October 15, 2019. I also granted the defendant permission for an evidentiary hearing to allow his physician to testify,[1] although I expressed doubt that I had the power to grant the request that Cervantes' sentence now be changed to probation on the ground that any imprisonment would be detrimental to his ongoing medical treatment.

---

[1] In a letter dated June 19, 2019, the defendant's internist had expressed the view that Cervantes' health "could be severely exacerbated by incarceration," based upon his diabetes, heart condition, and elevated blood pressure due to stress. Mot. for Stay Ex. 1, ECF No. 72.

No evidentiary hearing has yet been held, but the defendant has now filed a second motion, seeking a modification of his sentence to probation, relying on the writ of coram nobis or 18 U.S.C. § 3582(c)(1)(A). The United States has objected.

A federal district court generally may not correct or modify a sentence of imprisonment once it has been imposed. *See* 18 U.S.C. § 3582(c). To the contrary, "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'" *United States v. Goodwyn,* 596 F.3d 233, 235 (4th Cir. 2010) (citation omitted). Therefore, the court cannot modify or reduce a sentence "unless [1] the Bureau of Prisons moves for a reduction, [2] the Sentencing Commission amends the applicable Guidelines range, or [3] another statute or Rule 35 expressly permits the court to do so." *Id.*[2]

---

[2] While not relied upon as a basis for changing the sentence, Rule 35(a) states, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Not only would a Rule 35 motion be untimely here, but "[e]very relevant authority agrees that the scope of 'clear error' correctable under Rule 35(a) is extremely narrow." *United States v. Fields*, 552 F.3d 401, 404 (4th Cir. 2009). "A district court's authority to correct a sentence imposed as a result of clear error is limited to cases in which an obvious error or mistake has occurred in the sentence, that is, errors which would almost certainly result in a remand of the case to the trial court for further action under Rule 35(a)." *United States v. Ward*, 171 F.3d 188, 191 (4th Cir. 1999) (internal quotation marks and citation omitted); *see United States v. Phillips,* 194 F. App'x 154, 155 (4th Cir. 2006) (unpublished) (holding that district court erred in modifying sentence based on defendant's age and declining health because Rule 35(a) "is not intended . . . for the court simply to change its mind about the appropriateness of the sentence") (internal quotation marks and citation omitted).

The writ of coram nobis, along with other common law writs, was specifically abolished in federal civil actions by amendments to Federal Rule of Civil Procedure Rule 60, effective in 1948. The Supreme Court has recognized, however, that the ancient writ is still available to attack a criminal conviction, with jurisdiction vested under the All Writs Act, 28 U.S.C. § 1651(a). *United States v. Morgan,* 346 U.S. 502, 511 (1954). The writ of coram nobis was "traditionally available only to bring before the court factual errors 'material to the validity and regularity of the legal proceeding itself,' such as the defendant's being under age or having died before the verdict." *Carlisle v. United States,* 517 U.S. 416, 429 (1996) (citation omitted). As pointed out by the United States, Cervantes' health problems were known at the time of his sentencing and fully considered by the court.[3] Coram nobis does not assist the defendant.

---

[3] As I stated in explaining the reasons for the imposition of the sentence:

> I recognize that Dr. Cervantes seems to have had a recent health problem. And I certainly am going to allow him to self-report to an institution. And if he has more serious health problems -- he's apparently going to have a heart catheterization tomorrow, as he indicated -- if additional time is needed, I certainly will consider that for him to self-report. But I believe incarceration is important. For someone like Dr. Cervantes, going to prison, no matter what the length of time, frankly, is the most serious punishment. And I believe that the facts of this case in his treatment of the victim, as well as the offenses to which he's been convicted, make it appropriate that that sentence be imposed.

Tr. 83, ECF No. 65.

The district courts were recently given the power to reduce a sentence pursuant to § 603(b) of the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5220 (2018) ("2018 FSA"), which amended 18 U.S.C. § 3582(c), expanding the circumstances under which federal prison inmates may seek compassionate release. Prior to the 2018 FSA, only the Director of the Bureau of Prisons could file a motion with the court seeking compassionate release for an inmate. However, the 2018 FSA amended § 3582(c) to provide that a sentencing court may, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), modify a sentence to grant compassionate release either upon motion of the Director "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). Of course, Cervantes is not yet an inmate and has not exhausted his administrative remedies. Once he is imprisoned, he can seek compassionate release from the Bureau of Prisons, although I certainly do not indicate by this advice that I would grant a motion to this court under § 3582(c)(1)(A) if Cervantes were unsuccessful in his administrative request.

I am not aware of any provision of law that would permit the court to now change the defendant's sentence. For these reasons, it is **ORDERED** that the

Motion for Stay of Imposition or Modification of Sentence Due to Medical Condition, ECF No. 78, and the Motion to Modify Sentence of Defendant Upon (1) Writ of Coram Nobis and/or (2) Joinder of and Request for Motion by the Federal Bureau of Prisons, ECF No. 80, are DENIED.

          ENTER: November 4, 2019

          /s/ *JAMES P. JONES*
          United States District Judge